**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FREDDIE JIMENEZ,**

       **Plaintiff,**          **CIVIL ACTION NO. 04-CV-73008-DT**

  **vs.**

                                 **DISTRICT JUDGE DENISE PAGE HOOD**

**COMMISSIONER OF**
**SOCIAL SECURITY,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Court recommends that Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion for Summary Judgment be **DENIED**. The decision of the Commissioner is supported by substantial evidence on the record.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision by the Commissioner of Social Security that the Plaintiff was not entitled to Supplemental Security Income (DIB) under Titles II and XVI of the Social Security Act. The issue for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff Freddie Jimenez filed an application for Supplemental Security Income (SSI) on January 23, 2002, and an application for Disability Insurance Benefits (DIB) on February 26, 2002. (Tr. 46, 179). Plaintiff alleged in both applications that he had been disabled since October 1, 2001. *Id.* Plaintiff appealed and received a hearing before Administrative Law Judge (ALJ) B. Lloyd Blair on March 2, 2004. (Tr. 207). On April 9, 2004, the ALJ denied Plaintiff's appeal in a written decision. (Tr. 13). The ALJ concluded that Plaintiff had a severe medical impairment, but retained

the ability to some of his past relevant work. (Tr. 22). Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review on July 9, 2004, making the ALJ's decision the final decision of the Commissioner. (Tr. 6); 20 C.F.R. § 404.981.

## **MEDICAL HISTORY**

Plaintiff was treated for a neck spasm on December 18, 1998. (Tr. 106-107). X-rays of Plaintiff's cervical spine taken that day revealed moderate disc space narrowing with moderate marginal end plate spurring at C4-5, C5-6, and C6-7. (Tr. 108). Plaintiff's cervical spine also showed moderate unvinate spurring at C5-6 and C6-7 with mild bilateral foraminal encroachment. *Id.* R. Edward Shrider, M.D. concluded that Plaintiff had some degenerative disc disease in the lower cervical spine, but that there was no acute abnormality. *Id.*

On January 4, 1999 Plaintiff visited the emergency room at Foote Hospital with low back pain. (Tr. 109). On January 7, 1999 Mont Roberts, M.D. diagnosed plaintiff with acute back pain and possible herniated nucleus pulposus. (Tr. 112). X-rays of Plaintiff's lumbar spine taken on January 13, 1999 showed moderate disc space narrowing at L2-3, L3-4. (Tr. 113). During an October 24, 2000 office visit with S. Shaikh, M.D, Plaintiff complained that he had low back pain during bending, lifting, and prolonged periods of sitting. (Tr. 127). Harish Rawal, M.D. examined Plaintiff on November 6, 2000. (Tr. 123). He noted that Plaintiff had significant degenerative disc disease in his lumbar spine, but recommended that Plaintiff not undergo surgery. (Tr. 123). Plaintiff did not complain of significant back pain during office visits with Dr. Shaik on March 25, 2002 and April 4, 2002 or during an office visit with Mark Lay, M.D. on July 21, 2003. (Tr. 168-171).

A state agency physician performed a consultative evaluation of Plaintiff's residual functional capacity on May 1, 2002. (Tr. 133-159). The physician evaluated Plaintiff's complaints of shoulder pain, wrist pain, and low back pain, and recommended that Plaintiff undergo a psychological evaluation. *Id.* The physician concluded that Plaintiff could perform light work subject to some physical restrictions. (Tr. 152). The psychological evaluator, Craig S. Brown, Ed.D. concluded that Plaintiff suffered from mild mood and panic disorders, and gave him an global assessment of functioning score of 65 points out of 100.

## **HEARING TESTIMONY**

At the March 2, 2004 administrative hearing, the ALJ took testimony from Plaintiff and a vocational expert. (Tr. 210. Plaintiff testified that he was unable to work because of his back pain. (Tr. 217). Plaintiff testified that he continues to have severe pain and that he spends most of his time in bed. (Tr. 224, 226).

The ALJ also took testimony from a vocational expert. The vocational expert was asked to provide testimony about the availability of work for a hypothetical person of Plaintiff's age and educational level with certain functional limitations. Specifically, the ALJ asked the vocational expert to assume that the hypothetical person was capable of light work with no repetitive bending, twisting, or turning at the waist and no more than occasional stooping, crouching, or reaching overhead with the right arm. The vocational expert testified that such a person would be able to perform Plaintiff's past relevant work as an assembler. (Tr. 230-231).

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that, prior to December 30, 1995:

> (1)   he was not presently engaged in substantial gainful employment; and
>
> (2)   he suffered from a severe impairment; and

>> (3) the impairment met or was medically equal to a "listed impairment;" or
>>
>> (4) he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented him from doing his past work, the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work. If he cannot, he would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

The ALJ concluded that Plaintiff suffered from a severe impairment that was not medically equal to a listed severe impairment but that Plaintiff could perform some of his past relevant work.

Plaintiff argues that the ALJ incorrectly determined that Plaintiff was capable of light work, and that he is capable of no more than sedentary work. The ALJ's decision was supported by substantial evidence on the record. The record suggests that Plaintiff's back has been subject only to very conservative treatment and Plaintiff has had neither surgery nor meaningful physical therapy. Diagnostic evidence generally showed only mild or moderate degenerative disc disease in Plaintiff's back and neck. (Tr. 108, 122, 169, 177). The ALJ also properly relied on the results of a

consultative exam, which concluded that Plaintiff could perform a wide range of light work. (Tr. 151-158).

Plaintiff also argues that the ALJ improperly discounted Plaintiff's complaints of pain and discounted Plaintiff's subjective testimony merely because he could objectively prove the severity of his pain. Where, as here, the record lacks objective evidence concerning a claimant's subjective complaints of pain, an ALJ must assess a claimant's credibility. *See Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990)(holding that credibility determinations with respect to subjective complaints of pain rest with the ALJ). A finding that a claimant is not credible must be supported by substantial evidence in the same manner as any other ultimate factual determination. According to Social Security Ruling 96-7p, whenever a claimant's testimony about pain is not substantiated by objective medical evidence:

> [T]he adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record . . . includ[ing] . . . the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483, 34485 (1996). The ALJ properly applied SSR 96-7p. As the ALJ noted, there is exceptionally little medical evidence in the record concerning Plaintiff's symptoms or complaints. While Plaintiff testified at the administrative hearing that his back pain was consistently so severe as to preclude all work, treatment notes from Plaintiff's physician only intermittently mention Plaintiff's complaints of back pain. In addition, Plaintiff has not undergone surgery or physical therapy for any of his impairments. Plaintiff's testimony that his back pain is

constant, extremely severe, and totally preclusive of all work conflicts substantially with the milder complaints recorded by the medical record and Plaintiff's own statements suggesting that he is able to perform at least some of the activities of daily living. (Tr. 21).

The ALJ properly determined Plaintiff's RFC on the basis of the evidence on the record, and properly relied on the testimony of a vocational expert to determine whether Plaintiff was capable of performing any of his past relevant work. The ALJ's step four finding that Plaintiff was not disabled was therefore supported by substantial evidence on the record.

## **RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and Defendant's Motion for Summary Judgment should be **GRANTED**.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

DATED: August 17, 2005  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: 08/17/05  s/ Lisa C. Bartlett
Courtroom Deputy