**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FREDDIE JIMENEZ,**

    **Plaintiff,**

                                    Case No. 04-CV-73008

**v.**

                                    HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated August 17, 2005. On November 6, 2004, Plaintiff filed a Motion for Summary Judgment and/or Remand. The Defendant filed its Motion for Summary Judgment on February 7, 2005. Magistrate Judge Mona K. Majzoub issued a Report and Recommendation granting the Defendant's Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment on August 17, 2005. Plaintiff filed objections to Magistrate Judge Majzoub's Report and Recommendation on August 26, 2005. The Defendant filed its response on September 9, 2005.

**II.   STANDARD OF REVIEW**

    **A.   Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on August 26, 2005.

**B.     Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

> showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## III.     APPLICABLE LAW & ANALYSIS

Plaintiff raises one objection to the Magistrate Judge's Report and Recommendation. Plaintiff objects to the Magistrate Judge's assessment that the Defendant's decision was supported by substantial evidence. Plaintiff's objection restates the arguments previously considered by the Magistrate Judge.

> The Sixth Circuit Court of Appeals held:
>
> Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive as long as they are supported by substantial evidence. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986) (stating that this court's review "is limited to determining whether there is substantial evidence in the record to support the findings"). Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept. Furthermore, we must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.

*Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001) (internal citations and quotations omitted).

3

The record shows that the Plaintiff has not undergone surgery, physical therapy, or "other real aggressive method of pain or symptom relief." (Tr. 21). Diagnostic evidence of the Plaintiff's back and neck showed mild or moderate degenerative disc disease. (Tr. 108, 122, 169, 177). The results of a consultative exam concluded that the Plaintiff could perform a wide range of light work. (Tr. 151-158). The Plaintiff is able to shop and take care of personal needs. (Tr. 21). Furthermore the Magistrate Judge found little medical evidence in the record that would support Plaintiff's symptoms or complaints. (Magis. Report and Recommendation, at 6). The Court finds that a reasonable mind might accept these facts as adequate to support the ALJ's and the Magistrate Judge's findings that the Plaintiff was not disabled. Based on the afore mentioned facts, the Magistrate Judge found that the ALJ's finding that the Plaintiff was not disabled was supported by substantial evidence. This Court agrees with this assessment.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Docket No. 14]** dated August 17, 2005, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 12, filed February 7, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 7, filed November 6, 2004]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objections to Magistrate's Report and Recommendation of Cross Motions for Summary Judgment **[Docket No. 15, filed August 26, 2005]** are DENIED.

                         s/ DENISE PAGE HOOD  
                         DENISE PAGE HOOD  
                         United States District Judge

DATED: September 27, 2005